J-S57024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CRIZON JOSHUA KINGSBERRY | |
| Appellant | No. 519 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 21, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0005104-2016

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 21, 2020**

Appellant, Crizon Joshua Kingsberry, appeals from the judgment of sentence entered on November 21, 2018 in the Court of Common Pleas of Lancaster County following his conviction of indecent assault of a person less than 13 years of age, unlawful contact with a minor (two counts), corruption of minors (two counts), rape of a child, statutory sexual assault, and indecent exposure.[1]  His counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1969), as refined by ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  In the brief, Appellant's counsel explored challenges to the sufficiency of evidence and to the discretionary aspects of sentence.  Counsel concurrently filed an application for leave to withdraw.  Following review, we

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 6318(a)(1), 6301(a)(1)(ii), 3121(c), 3122.1(b)., and 3127(a), respectively.

grant counsel's application for leave to withdraw and affirm Appellant's judgment of sentence.

Our review of the record discloses that Appellant was charged with the above-listed offenses upon filing of a complaint on August 9, 2016. The complaint alleged that Appellant, who was born on May 7, 1983, committed various sexual acts during the summers of 2013 and 2014 with the daughters of his then-girlfriend. The victims' dates of birth are October 18, 2001 and January 13, 2004.

At the conclusion of a four-day trial in June 2018, the jury returned a verdict on all charges. Sentencing was deferred pending a pre-sentence investigation. In accordance with the trial court's order, Appellant underwent an evaluation pursuant to 42 Pa.C.S.A. § 9799.24. Based on the evaluation, the Pennsylvania Sexual Offenders Assessment Board determined Appellant did not meet the criteria of a sexually violent predator.

On November 21, 2018, the trial court imposed an aggregate sentence of 11 to 32 years' incarceration and advised Appellant of his lifetime registration obligation as a Tier III sexual offender. Appellant filed a timely post-sentence motion challenging the sufficiency as well as the weight of the evidence. Trial counsel contemporaneously filed a motion to withdraw based on Appellant's assertions of ineffective assistance of counsel.

The court granted counsel's motion to withdraw and appointed new counsel who filed a supplemental post-sentence motion. Appellant repeated

his claims regarding the sufficiency and weight of evidence and added claims relating to the discretionary aspects of sentence and the trial court's denial of Appellant's pre-trial request to discharge counsel. Counsel was granted additional time to review the transcripts, to determine whether any supplemental post-sentence motions might be appropriate.

Upon completion of his review, counsel advised the court of his conclusion that the four issues raised in the post-sentence motion were without merit. The trial court denied Appellant's post-sentence motion by order entered March 15, 2019. This timely appeal followed.

The trial court entered an order directing counsel to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). In response, counsel filed a notice of intent to file an **Anders** brief, pursuant to Pa.R.A.P. 1925(c)(4), and advised the court of his intent to withdraw on appeal based on the lack of any non-frivolous issues. Although not required to do so, the trial court issued a Rule 1925(a) opinion "to assist the appellate court in its review of the case." Rule 1925(a) Opinion, 5/13/19, at 6 n.7 (citing **Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008)). Counsel subsequently filed his **Anders** brief with this Court as well as an application for leave to withdraw. Appellant did not respond to the application for leave to withdraw. The Commonwealth advised this Court that it would not file a response to the **Anders** brief.

We begin by discussing counsel's request to withdraw, a task we must undertake regardless of the facts and prior to any discussion of the merits of

any issues on appeal. ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in ***Santiago*** did not change the procedural requirements for requesting withdrawal from representation. As outlined in ***Cartrette***:

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id.*** at 1032 (citing ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009)).

We conclude counsel has satisfied the procedural requirements set forth in ***Anders***. He petitioned the court seeking leave to withdraw and confirming his determination that an appeal would be frivolous, based on his "review of the record, including the discovery, pretrial transcripts, sentencing transcript, and issues raised by [Appellant] in his letters, meetings, and phone calls to counsel." Application to Withdraw, 8/23/19, at ¶ 2. He furnished a copy of the ***Anders*** brief to Appellant and advised Appellant of his right to obtain private counsel or proceed *pro se* if he wished to raise any issues he believed were meritorious. Notice of Rights Letter, 8/23/19, at 1.

Having concluded counsel satisfied the procedural requirements of ***Anders***, we next ascertain whether the brief satisfied the substantive

mandates prescribed in **Santiago**. In **Santiago**, our Supreme Court announced:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In the **Anders** brief, counsel did not provide his own summary of the procedural history and facts. However, he represented that the trial court's factual and procedural history, as set forth in the court's Rule 1925(a) opinion, was "concise and accurate." **Anders** Brief at 5. **See** Rule 1925(a) Opinion, 5/13/19, at 1-6. We agree and further note that counsel did refer to the record in the analysis of arguable appellate issues. **Anders** Brief at 7-8. Counsel has generally satisfied the first requirement.

The second required element of an **Anders** brief is to reference anything in the record that counsel believes arguably supports the appeal. In his brief, counsel explores two issues, *i.e.*, sufficiency of evidence and discretionary aspects of sentencing. **Id.** at 7-8. He also reviewed an issue raised by Appellant relating to Appellant's assertion that the trial court denied his request to discharge trial counsel. We conclude counsel has satisfied the second **Anders** requirement.

The third element of **Anders** requires counsel to set forth the conclusion that the appeal is frivolous. Counsel offers that conclusion with respect to each issue presented. The fourth element requires counsel to state his reasons for concluding that the appeal is frivolous. Counsel has done so, with citations to case law, in relation to the sufficiency of evidence and discretionary aspects challenges. He also explained that his review of the record "fail[ed] to reveal any proof that [Appellant] attempted to discharge [trial counsel]." **Id.** at 8. Counsel has satisfied the substantive requirements of **Anders**.

Having determined the procedural and substantive requirements of **Anders** are satisfied, we must conduct our own independent review of the record to determine if the issues identified in this appeal are, as counsel asserts, frivolous, or if there are any other meritorious issues present in this case. **Santiago**, 978 A.2d at 354 (quoting **Anders**, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

After conducting a full examination of all the proceedings, we conclude the case is wholly frivolous. We note that the trial court recognized it was not required to prepare a Rule 1925(a) opinion in light of counsel's filing of a statement of intent to file an **Anders** brief. Rule 1925(a) Opinion, 5/13/19, at 6 n.7 (citing **McBride**, 957 A.2d 752 at 758). As mentioned above, the

court nevertheless prepared an opinion to assist us in our review of the case. *Id.* In the opinion, the trial court thoroughly summarized the background of the case. *Id.* at 1-6. The court also meticulously examined possible claims based on sufficiency of the evidence, *id.* at 6-15;[2] weight of the evidence, *id.* at 15-17; discretionary aspects of sentence, *id.* at 17-22; and trial continuance (relating to the claimed denial of Appellant's request to discharge counsel), *id.* at 22-28. Based on its examination, the court concluded there was no merit to any of the issues.

We agree with the trial court's analysis of each issue. Therefore, we adopt as our own, and incorporate by reference, the trial court's Rule 1925(a) opinion. Further, based on our own independent review, we conclude there are no other meritorious issues present. After full examination of the proceedings, we find the case is wholly frivolous. Therefore, we grant

---

[2] As the trial court explained, because counsel filed a notice of intent to file an *Anders* brief, counsel did not specify the element or elements of the crimes for which the evidence was insufficient. Rule 1925(a) Opinion, 5/13/19, at 6. Consequently, the court addressed each element of each charge and concluded:

> The evidence, as well as all reasonable inferences drawn therefrom viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain [Appellant's] convictions for rape of a child, statutory sexual assault, indecent assault of a person less than 13 years or age, unlawful contact with a minor, corruption of minors and indecent exposure.

Rule 1925(a) Opinion, 5/13/19, at 15.

counsel's application to withdraw and affirm Appellant's judgment of sentence. In the event of further proceedings, the parties shall attach a copy of the Rule 1925(a) opinion to their filings.

Application for leave to withdraw granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/21/2020